UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

Lynk Media, LLC,
31-64 21st Street
Astoria, New York 11106

         Plaintiff,

         v.

Vox Media, LLC,
1201 Connecticut Ave. NW
11th Floor
Washington, DC 20036

         Defendant.

Case No:

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Lynk Media, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Vox Media, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Oliya Fedun ("*Fedun*") created a video of American politician Sarah Palin dining at a Manhattan, New York restaurant days after testing positive for Covid-19 (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a media company which owns and operates a website at domain www.nymag.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively displayed the Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Lynk Media, LLC is a New York limited liability company and maintains its principal place of business in Queens County, New York.

6. Upon information and belief, defendant Vox Media, LLC, is a Delaware limited liability company with a principal place of business at 1201 Connecticut Avenue NW, 11th Floor, Washington in District of Columbia County, District of Columbia and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in the District of Columbia.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.   Plaintiff's Copyright Ownership**

10. Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. On January 26, 2022, FNTV, LLC first published the Video. A copy of the Video

is attached hereto as <u>Exhibit 1</u>.

15. In creating the Video, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image as well as all of the cinematic elements of the Video.

16. Fedun assigned the rights to the Video by written agreement to FNTV.

17. On April 19, 2022, the Video was registered by FNTV with the USCO under Registration No. PA 2-354-256.

18. Fedun created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

19. On June 6, 2023, Plaintiff acquired all rights in and to the Video from FNTV by way of written assignment.

**B.     Defendant's Infringing Activity**

20. Defendant is the registered owner of the Website and is responsible for its content.

21. Defendant is the operator of the Website and is responsible for its content.

22. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

23. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

24. The Website is monetized in that it offers subscription services and sells merchandise to the public and, upon information and belief, Defendant profits from these activities.

25. On or about December 27, 2021, Defendant displayed the Video on the Website as part of an on-line story at URL: https://nymag.com/intelligencer/2022/01/sarah-palin-eats-out-in-new-york-city-spreading-covid.html. A copy of a screengrab of the Website including the Video is attached hereto as <u>Exhibit 2</u>.

26. Without permission or authorization from Plaintiff, Defendant displayed Plaintiff's copyright protected Video on the Website.

3

27. Plaintiff first observed and actually discovered the Infringement on February 4, 2022.

28. Upon information and belief, the Video was displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

29. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5)*.

30. The Infringement is an exact copy of Plaintiff's original image that was directly displayed by Defendant on the Website.

31. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Video.

32. Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Shawn McCreesh whereby Defendant's Website lists him as "Features Writer, covering media, politics, and power" (the "*Employees*").

33. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

34. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

35. Upon information and belief, the Video was willfully and volitionally posted to the Website by Defendant.

36. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis

4

of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

37. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

38. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

39. Upon information and belief, Defendant monitors the content on its Website.

40. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

41. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in the revenues generated via its paid advertisements and its subscription services and merchandise sales.

42. Upon information and belief, a large number of people have viewed the unlawful copy of the Video on the Website.

43. Upon information and belief, Defendant at all times had the ability to stop the display of Plaintiff's copyrighted material.

44. Defendant's use of the Video harmed the actual market for the Video.

45. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

46. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

47. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

48. The Video is an original, creative work in which Plaintiff owns a valid copyright.

49. The Video is properly registered with the USCO and Plaintiff has complied with

all statutory formalities under the Copyright Act and under regulations published by the USCO.

50. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

51. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

52. Defendant's display of the Video constitutes willful copyright infringement.

53. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Website.

54. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

55. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

56. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

57. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Video by displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: November 10, 2023

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125912

*Attorneys for Plaintiff*